MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (SBN 211096)
ADSkale@mintz.com
Natalie Prescott (SBN 246988)
nprescott@mintz.com
Samuel D. Sazer (SBN 313037)
SDSazer@mintz.com
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  (858) 314-1500
Facsimile:  (858) 314-1501

Attorneys for Plaintiff InterOperability Bidco, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEROPERABILITY BIDCO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PETABYTE TECHNOLOGY INC.,<br><br>Defendant. | Case No.: **'21CV1020 BAS AHG**<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT**<br><br>**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT**<br><br>**(3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**(4) COMMON LAW FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>JURY TRIAL DEMANDED |

Plaintiff InterOperability Bidco, Inc. ("Plaintiff"), by its attorneys, for its Complaint against Defendant Petabyte Technology Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Plaintiff seeks equitable relief and damages for Defendant's willful, unauthorized use of Plaintiff's trademarks.

2. The Trademark Trial and Appeal Board for the United States Patent and Trademark Office ("USPTO") has already found a likelihood of confusion between Plaintiff's and Defendant's marks. Nevertheless, Defendant continues to infringe on Plaintiff's trademarks, falsely alleging that Plaintiff abandoned marks it has used for nearly twenty years. Plaintiff now seeks relief from this Court.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's federal claims pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. Section 1121(a) and pursuant to Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. Sections 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of California pursuant to 28 U.S.C. Sections 1338(b) and 1367.

4. Venue and personal jurisdiction over Defendant are proper under 28 U.S.C. Section 1391(b)(3) and because Defendant engages in business in California, has an office in California, is a corporation registered to do business in California, and conducts business and promote its services under its infringing mark in this District. Thus, a substantial part of the events or omissions giving rise to these claims occurred in or are directed at this District. Defendant's actions also have and will continue to cause Plaintiff significant damages in this District.

## THE PARTIES

5. Plaintiff is a corporation organized and existing under the laws of Delaware, having its principal place of business at 100 High Street, Suite 1560, Boston, MA 02110.

6. Defendant is a corporation organized and existing under the laws of Delaware, with an address listed with the United States Patent and Trademark Office as 310 North Westlake Blvd., Suite 120, Westlake Village, CA 91362; with offices located in San Francisco, California; Bellevue, Washington; Cleveland, Ohio; Naples, Florida; and New York, New York. Defendant markets itself online to customers in various locations across the United States, including San Diego, California; and it does business in California under the name "Rhapsody.vet."

## PLAINTIFF'S TRADEMARKS

7. Plaintiff provides software products and services to hospitals and other healthcare providers, including clients in the veterinary industry.

8. Plaintiff's software products include "Rhapsody," an "integration engine for allowing disparate systems in the healthcare sector to communicate with one another." Plaintiff has used the Rhapsody mark continuously for nearly twenty years, including in commerce—since and prior to February 15, 2002.

9. Plaintiff owns the incontestable federal trademark registration for the word mark RHAPSODY (Reg. No. 2,910,269, dated Dec. 14, 2004) and a second federal trademark registration for the word mark RHAPSODY (Reg. No. 4,677,029, dated Jan. 27, 2015) (collectively, the "RHAPSODY Marks"). True copies of the cited registrations are attached hereto as **Exhibit A**.

10. Plaintiff has spent millions of dollars advertising and promoting the RHAPSODY Marks and its associated products and services products in order to become a leader in the healthcare software industry.

## DEFENDANT'S UNLAWFUL ACTS

11. On information and belief, Defendant provides billing software and related software services to veterinarians and other healthcare providers.

12. On October 31, 2019, Defendant filed Trademark Application Serial No. 88/675436 to register the mark RHAPSODY in connection with its software.

3

13. On February 10, 2020, the USPTO refused registration of Defendant's application under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), because of a likelihood of a confusion with Plaintiff's Rhapsody Mark No. 2,910,269.

14. On March 25, 2020, Defendant filed a petition for cancelation of Plaintiff's Rhapsody Mark No. 2,910,269, on the alleged grounds that Plaintiff "abandoned" the mark "by discontinuing and not continuing use of the RHAPSODY mark in commerce with the services recited in [its] Registration."

15. Defendant's allegation is false. Both before and since the first mark was registered in 2004, Plaintiff has continuously used the Rhapsody Marks to market its Rhapsody software platform.

16. Nevertheless, without authorization from Plaintiff, Defendant continues to infringe the Rhapsody Marks in marketing its software on its websites, https://petabyte.technology/ and https://rhapsody.vet/tour.html.

17. Some of many examples of Defendant's infringement include the following use, found on its websites:

EXAMPLE 1:



EXAMPLE 2:



EXAMPLE 3:

**INJURY TO PLAINTIFF**

18. Defendant's promotion of its infringing software product is likely to and has caused consumers to be confused and deceived into mistakenly believing that a connection, affiliation, sponsorship, or association exists between Plaintiff and Defendant, or to mistake Defendant's Rhapsody software for Plaintiff's software.

19. Moreover, on information and belief, Defendant admits that the USPTO determined that Defendant's use of the mark RHAPSODY was likely to be confused with Plaintiff's RHAPSODY Marks.

20. Defendant's promotion of the infringing products and services also misappropriates the considerable capital and resources that went into creating the

Rhapsody brand, as well as the corresponding significant and valuable goodwill that Plaintiff has worked to establish therein.

21. Plaintiff is being, and will continue to be, irreparably injured and harmed by Defendant's unlawful conduct.

22. Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Trademark Infringement (15 U.S.C. § 1114))

23. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint.

24. Plaintiff has valid, protectable trademarks and lawfully owns the RHAPSODY Marks, having used them in commerce since at least 2002.

25. Defendant has used in commerce marks similar to or identical to Plaintiff's RHAPSODY Marks—which infringe the Plaintiff's RHAPSODY Marks—in connection with the sale, offering for sale, distribution, and advertising of Defendant's goods and services.

26. Defendant has used Plaintiff's RHAPSODY Marks without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods and services at issue.

27. Defendant's actions are likely to cause and have caused confusion, mistake, and deception as to the origin, sponsorship, or approval of Defendant's products or commercial activities, and thus constitute trademark infringement with respect to the Rhapsody Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Defendant has actual knowledge of the Rhapsody Marks' registration, as evidenced by its petition to cancel such marks. Nevertheless, Defendant has persisted in its infringing conduct, rendering such conduct knowing and willful.

29. As a direct and proximate result of Defendant's willful actions, Plaintiff has been damaged and will continue to suffer irreparable harm.

## SECOND CAUSE OF ACTION

### (False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)))

30. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint.

31. Defendant's actions are likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of Defendant's products, services, or commercial activities; and thus constitute false designation of origin, passing off, and unfair competition with respect to the RHAPSODY Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

32. Defendant's infringing use of the mark RHAPSODY and other actions alleged herein, constitute proscribed acts of unfair competition.

33. The harm of such unfair competition outweighs its utility, has the effect of confusing and deceiving consumers, and trades off the goodwill of Plaintiff.

34. On information and belief, such unfair competition was designed specifically to, and willfully does, maximize the likelihood of confusion.

35. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered resulting damages, and Defendant has enjoyed resulting profits from the confusion, in an amount to be established upon proof at trial.

36. Plaintiff is entitled to damages and further entitled to an accounting of infringing profits as unjust enrichment, for willfulness or for deterrence purposes.

37. If Defendant's wrongful conduct is not enjoined, Plaintiff will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.*)

38. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint.

39. Each of Defendant's acts and omissions alleged herein, including trademark infringement and unfair competition, harms Plaintiff and constitutes unlawful and unfair

business acts or practices within the meaning of Section 17200 *et seq.* of the California Business and Professions Code.

40. Defendant has engaged in unfair competition by the acts alleged herein.

41. Defendant's acts and omissions alleged herein constitute unfair business practices because the harm of these business practices outweighs the utility, if any, of these business practices, and are unscrupulous and injurious to consumers.

42. Defendant's acts and omissions alleged herein constitute unlawful business practices because Defendant's conduct is forbidden by multiple laws, including but not limited to 15 U.S.C. §1125(a), 15 U.S.C. §1114, as well as common law and laws of the State of California and of the United States.

43. Defendant has engaged in these activities willfully and consciously.

44. Defendant's activities have caused and will continue to cause damage to Plaintiff, in an amount to be determined at trial.

45. As a direct and proximate consequence of the unfair and unlawful business practices complained of herein, Plaintiff has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendant from committing further acts of unfair competition.

## FOURTH CAUSE OF ACTION

**(Common Law False Designation of Origin and Unfair Competition)**

46. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint.

47. Defendant is promoting, advertising, and providing services under the infringing mark RHAPSODY, which is identical to the RHAPSODY Marks, in violation of California's common law of unfair competition.

48. Defendant's unauthorized use of the mark RHAPSODY, for services similar or closely related in type to those provided by Plaintiff under the RHAPSODY Marks is likely to cause confusion, cause mistake, or deceive the parties' customers or potential consumers and the public as to the source or sponsorship of parties' services. Consumers

are likely to be misled into believing that Defendant's services are licensed by, sponsored by, approved by, or otherwise associated with Plaintiff.

49. Defendant's activities have caused and will continue to cause damages to Plaintiff, in an amount to be determined at trial.

50. As a direct and proximate cause of the false designation of origin and unfair competition herein, Plaintiff has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future, unless the Court enjoins Defendant from committing such further acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on the claim for relief set forth above, and award Plaintiff relief including, but not limited to, the following:

A. A preliminary and permanent injunction, enjoining Defendant and its officers, agents, employees, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, suppliers, and all persons in active concert or participation with any of them, from using the Rhapsody Marks or any designation or design so similar as to be likely to cause confusion, mistake, or deception in connection with the sale of Defendant's goods and services;

B. An Order requiring Defendant to account for and pay to Plaintiff any and all Defendant's profits arising from the foregoing acts and trebling such profits for payment to Plaintiff in accordance with 15 U.S.C. § 1117;

C. An Order requiring Defendant to pay Plaintiff compensatory and/or other actual damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117;

D. An Order requiring Defendant to pay an appropriate amount as punitive damages, to deter future unlawful misconduct and to prevent future confusion or deception of the public;

  E. An Order requiring Defendant to pay Plaintiff's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117;

  F. Restitution;

  G. Statutory damages as allowed by law;

  H. An Order requiring Defendant to pay Plaintiff's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117; and

  I. Such other relief as the Court may deem appropriate.

Dated: May 27, 2021        Respectfully submitted,

             MINTZ LEVIN COHN FERRIS
             GLOVSKY AND POPEO, P.C.

             By: */s/ Andrew D. Skale*
             Andrew D. Skale (SBN 211096)
             Natalie Prescott (SBN 246988)
             Samuel D. Sazar (SBN 313037)

             *Attorneys for Plaintiff InterOperability Bidco, Inc.*

# DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable by jury.

Dated: May 27, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MINTZ LEVIN COHN FERRIS
　　　　　　　　　　　　　　　　　　　　GLOVSKY AND POPEO, P.C.


By: /s/ Andrew D. Skale
Andrew D. Skale (SBN 211096)
Natalie Prescott (SBN 246988)
Samuel D. Sazar (SBN 313037)

*Attorneys for Plaintiff InterOperability Bidco, Inc.*